ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 APR 19 AM 8:26
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| ERVIN A. ALEXANDER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 310-083 |
| THE CEO OF CCA, | ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Ware State Prison in Waycross, Georgia,[1] brought the above-captioned case *pro se* pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Plaintiff filed his original complaint in the Middle District of Georgia on October 6, 2010. (Doc. no. 1.) After his case was transferred to this Court, Plaintiff was ordered to

---

[1] At the time Plaintiff filed his complaint, he was incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. (See doc. no. 1.) WCF is a correctional facility privately operated by Corrections Corporation of America ("CCA") under contract with the Georgia Department of Corrections.

submit either the $350.00 filing fee or a request to proceed IFP. (Doc. no. 7, p. 1.) The Court also ordered Plaintiff to file an amended complaint on the standard form used by incarcerated litigants in the Southern District of Georgia. (Id. at 2 & n.2.) Prior to receiving the Court's Order, Plaintiff submitted an "affidavit" in support of his claims, as well as his first amended complaint.[2] (Doc. nos. 8, 9.) Subsequently, in compliance with the Court's Order, Plaintiff filed his second amended complaint, along with a request to proceed IFP, five days later on October 27, 2010. (Doc. no. 11). The Court granted Plaintiff's request to proceed IFP. (Doc. no. 12.)

Plaintiff's second amended complaint contains all of the information contained in his first amended complaint and his "affidavit" in support of his claims, as well other, additional information. (See doc. no. 11.) However, Plaintiff's second amended complaint does not contain all of the information found in his original complaint. (Doc. no. 1.) Although the preferred method for amending a complaint is to include all allegations in one document, Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999), the Court will construe Plaintiff's original complaint and second amended complaint together for the purpose of screening his claims. For ease of reference, the Court will refer to these combined pleadings as "the complaint."

---

[2] Both the "affidavit" and the first amended complaint were signed by Plaintiff the same day that the Court ordered Plaintiff to file an amended complaint- October 19, 2010. (See doc. nos. 7, 8, 9.) Thus, it appears that the second amended complaint, which was filed on the forms provided to Plaintiff by the Court, was done at the Court's instruction. (See doc. no. 11.)

## I. BACKGROUND

Plaintiff names the CEO of CCA as sole Defendant in this case.[3] (Doc. no. 11, p. 1.) Plaintiff states that on September 10, 2010, he was placed in a segregation unit without being given a disciplinary report. (Id. at 5.) Plaintiff claims that housing him with the other inmates in the segregation unit showed a reckless disregard for his safety. (Doc. no. 1, p. 2.) On September 29, 2010, Plaintiff requested to be placed in Protective Custody due to "gang-related issues" and threats of violence that he had encountered when in general population. (Id. at 1; doc. no. 11, p. 5.) Plaintiff alleges that a "Sgt. Brown" came to him twice while he was still in the segregation unit and tried to have Plaintiff moved back into general population. (Id.) During Sgt. Brown's first visit, Plaintiff alleges that Sgt. Brown handcuffed him and his cell mate, and then took his cell mate's property. (Id.) Plaintiff claims that on the second visit, Sgt. Brown threatened to have Plaintiff placed in a dorm with a gang member who was attempting to harm Plaintiff. (Id.) Plaintiff also cites to a Georgia Court of Appeals case for the law regarding assault and battery, but does not describe any instances in which he was the victim of an assault and battery. (Doc. no. 1, p. 3.) Plaintiff further claims that he was denied the use of the grievance procedure while at WCF. (Id. at

---

[3]It is unclear from the complaint, whether Plaintiff intended to include the State of Georgia as a defendant in the current action. In Plaintiff's second amended complaint, under the heading "Additional defendants," Plaintiff lists "The State of Georgia." (Doc. no. 11, p. 4.) However, Plaintiff makes no other mention of the state of Georgia anywhere else in any of his three complaints. (See doc. nos. 1, 9, 11.) Yet, if Georgia were included as a defendant in this case, Plaintiff's claims against it would fail. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). As there has been no consent or waiver in this case, Plaintiff has not stated any viable claims against the State of Georgia.

3

1.) Lastly, Plaintiff alleges that his time spent at WCF constitutes false imprisonment and slavery because WCF is a private facility and his sentence did not order his confinement to a private facility. (Doc. no. 11, p. 5.)

Plaintiff requests that the Court grant him mandatory restitution under 18 U.S.C. § 1593 due to his alleged slavery while incarcerated at WCF. (Id. at 6.) Plaintiff also requests that the Court find Defendant guilty of attempting to kill him by trying to have him moved back to general population. (Id.) Finally, Plaintiff requests injunctive relief to protect him from further harm, and monetary relief of ten million dollars for false imprisonment, assault and battery, "callous indifference," and reckless endangerment. (Id; doc. no. 1, p. 3.)

## II.  DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against the only named Defendant, and therefore, this case should be dismissed.

First, Plaintiff does not mention Defendant in his complaint aside from naming him in the caption. However, "section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir.

2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, although Plaintiff makes numerous claims of wrongdoing by individuals at WCF, he utterly fails to demonstrate any kind of connection between the alleged wrongdoings and any actions by Defendant. Thus, in the absence of an allegation of any connection between actions of Defendant and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. On that basis, Defendant should be dismissed.

Moreover, Plaintiff's claims against Defendant are also inadequate to the extent that Plaintiff is attempting to assert a claim against Defendant for the acts of his subordinates- such as Sgt. Brown. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269

(citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, the only mention of Defendant is in the caption of Plaintiff's complaint, and nowhere does Plaintiff mention that Defendant actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has offered no allegations suggesting that Defendant knew about any widespread abuse or that he was responsible for a custom or policy of disregarding the safety of inmates or threatening to place them in potentially dangerous situations. In sum, Plaintiff

---

[4] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

is improperly attempting to sue a corporate officer, who is not located at the WCF- the prison where Plaintiff alleges his rights were violated- for the day to day operations of that prison. Thus, Plaintiff has failed to state a claim upon which relief may be granted against Defendant; therefore, as there are no other defendants named in this action, Plaintiff's case should be dismissed for failure to state a claim upon which relief can be granted.[5]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of April, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]Additionally, Plaintiff's request for injunctive relief is moot. Ordinarily, a claim for injunctive relief against prison officials is subject to dismissal for mootness when a prisoner is no longer under the control of the prison officials against whom injunctive relief is sought. Zatler v. Wainwright, 802 F.2d 397, 399 (11 Cir. 1986). However, this general rule may not apply if a prisoner is likely to return to the facility from which he has been transferred or if the transfer was effected to avoid the jurisdiction of the adjudicating court. See McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984); Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975); Romano v. Rambosk, CV 206-375, 2010 WL 2732005, at *3 (M.D. Fla. July 9, 2010). Here, Plaintiff was transferred from WCF to Ware State Prison (see doc. no. 17), and there is no indication that Plaintiff is likely to return to WCF or that he was transferred in order to avoid the jurisdiction of this Court. Thus, even if Plaintiff did state a claim upon which relief could be granted against Defendant, his request for injunctive relief would be subject to dismissal for mootness.

7